## Commonwealth v. Landres et al.

*Appeals—Record—Omitting evidence—Criminal law—Intent—Charge.*

The court will not grant an application to omit from the record all the evidence on an appeal to the Superior Court in a criminal case, where it appears that the defence was a denial of criminal intent and the assignments of error aver that the charge was biased and unfair.

Motion to omit evidence from printed record on appeal. Q. S. Schuylkill Co., Nov. Sess., 1923, No. 1144.

*A. D. Knittle, George Gerber, J. H. Rothstein* and *L. S. Walter,* for motion.

*Cyrus M. Palmer,* District Attorney (with him *M. M. Burke* and *P. H. Burke),* contra.

BERGER, J., Oct. 6, 1924.—This is an application, under Rule 55 of our Superior Court, to omit from the record all the evidence in the above stated case on appeal. The charge in this case was: First count, entering a building with intent to commit a felony; second count, larceny. The defence was that Landres, the defendant, on appeal, had taken the goods in question under a *bona fide* belief that he had the right to take them. On this defence the intent with which he took the goods was the gist of the offence. Bearing on that question, the court considers all the evidence in the case to be relevant.

The second proposed assignment of error is a charge of a misrecital of evidence on the part of the court. This allegation is made in general terms, and the court cannot know now what evidence is to be assigned as having been misrecited.

The third proposed assignment of error indicates that counsel again wish to urge that the charge of the trial judge was biased and unfair. At the trial of the case no exception was asked for, or noted, on behalf of the defendants. When the motion for a new trial was argued, it was for the first time brought to the attention of the trial judge that his charge was objectionable to the defendants, upon the grounds (1) that it was biased and unfair; (2) that it gave undue prominence to the testimony of the Commonwealth; (3) that it contained erroneous references to the testimony; and (4) that it erroneously construed the articles of dissolution of the partnership. For that reason, we think that all the testimony should be printed, so that the appellate court may properly pass on the proposed third assignment of error.

The same is true of the proposed fourth assignment of error, in the absence of a specification here of testimony which might properly be omitted in pressing that assignment.

As to the proposed fifth assignment of error, in which it is proposed to assign error to the charge generally (presumably, as was heretofore done on the argument of the motion for a new trial, that it was biased and unfair; that it gave undue prominence to the testimony of the Commonwealth; that it contained erroneous references to the testimony, and that it had erroneously construed the articles of dissolution of the partnership), we consider that all the testimony should be printed in order to enable the appellate court to properly pass on this question.

I will say this further: I have no objection whatever to counsel pointing out and arguing in any manner which they consider proper any allegation which tends to convict this court of bias or unfairness in its charge; but when it is proposed to argue such a question, we take it that the appellate court is entitled to have the benefit of all the testimony in the case.

The motion of the appellant is denied.